UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA | CRIMINAL NO. 6:09-cr-00124(02) |
| VERSUS | JUDGE FOOTE |
| JOSE LUIS REGALADO(02) | MAGISTRATE JUDGE HANNA |

### *Memorandum Ruling*

On November 15, 2011, the undersigned conducted a hearing on Defendant's Second Letter Motion to Appoint New Counsel. [Rec. Doc. 383] After hearing arguments from the parties, a ruling on the motion was deferred. [Rec. Doc. 427] Upon learning that a change of plea hearing had been scheduled for September 6, 2012 before the district court, the motion was revisited at a second hearing on July 9, 2012. (Rec. Doc. 569, 499) At the hearing, the defendant, with the assistance of an interpreter, was questioned at length regarding the issues presented by his motion. Defendant's counsel, David Balfour, who was appointed at the time of the defendant's initial appearance, was also questioned. For the reasons which follow, the defendant's motion is denied.

### Applicable Law and Discussion

In *United States v. Gharbi*, 510 F.3d 550, 553-554 (5th Cir. 2007)(internal citations omitted), the Fifth Circuit discussed a criminal defendant's right to

counsel, as follows:

> The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." Part of this guarantee is a criminal defendant's right to retain the attorney of his choice. The right to counsel of choice, however, is not absolute. Rather, "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."

While a criminal defendant has a right to be represented by retained counsel of his choosing, an indigent defendant is not entitled to have a particular lawyer represent him, or to demand a different appointed lawyer except for good cause. *See Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610(1983); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 300 (5th Cir. 1998), citing *United States v. Breeland*, 53 F.3d 100, 106 n. 11 (5th Cir. 1995). While this case has yet to proceed to trial, and this Court has previously found no basis for disqualification of defense counsel, because of obvious language barriers the Court will consider the motion again to see if good cause exists for appointment of a different lawyer.

The Fifth Circuit has explained good cause as follows:

In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict

which leads to an apparently unjust verdict.  If a court refuses to inquire into a seemingly substantial complaint about counsel when he has no reason to suspect the bona fides of the defendant, or if on discovering justifiable dissatisfaction a court refuses to replace the attorney, the defendant may then properly claim denial of his Sixth Amendment right.  In the absence of a conflict which presents such a Sixth Amendment problem, the trial court has discretion to decide whether to grant a continuance during the course of trial for the substitution of counsel, and that decision will be reversed only if the court has abused its discretion. *United States v. Young*, 482 F.2d 993(5th Cir. 1973)(*quoting United States v. Calabro*, 467 F.2d 973, 986(2d Cir. 1972))(citations omitted).

In conducting the appropriate inquiry regarding the defendant's motion, the defendant indicated that his primary complaint in the past was the inability to reach his counsel by telephone. However, the defendant admitted that problem appears to have been rectified. Mr. Balfour represented to the Court that he had multiple plea negotiations with the government, that alterations to the plea proposal requested by the defendant himself were made, and that the plea packages were fully translated for the defendant before the final one which was accepted was signed.  The defendant represented to the Court that, from the time of the last hearing in November of 2011 until the time the plea package was executed by him in April of 2012, he was satisfied with the representation provided by Mr. Balfour.

This Court finds no "justifiable dissatisfaction" on the part of the defendant

with the representation provided to him by Mr. Balfour. While the language barrier does provide some obstacles to communication, Mr. Balfour insured that interpreter services were provided to the defendant throughout the plea negotiation process, and therefore, the Court finds there was not a "complete breakdown" in communication between the defendant and his attorney sufficient to warrant a change of appointed counsel. This Court has never, and does not now, find there is any conflict of interest between the defendant and his attorney.

Therefore, based on the foregoing,

**IT IS ORDERED** that the motion to appoint new counsel is DENIED.

Thus done at Lafayette, Louisiana this 10th day of July, 2012.

_____
Patrick J. Hanna
United States Magistrate Judge